SUAREZ, J.
Ernest King seeks a belated appeal from his judgment of conviction and sentence.[1] We affirm King’s convictions, but without prejudice for King to raise the issue of incorrect habitual offender priors and sentencing in a Florida Rule of Criminal Procedure 3.800 petition filed properly in the trial court.
King was charged in four separate cases with armed robbery with a firearm,[2] and faced a life sentence for each. The State noticed its intent to seek habitual offender sentencing. The record shows that King accepted the State’s offer of a plea to twenty years in state prison with a ten-year mandatory minimum in all four cases, *1003 and for each mandatory minimum to be served concurrently. At that point, the State stepped in to prove that King had the requisite prior offenses to be sentenced as a habitual offender. King asserts that the cases the State used to prove his requisite prior offenses for habitual offender sentencing do not belong to Mr. King, but rather to a person named James Michael Collier. If so, King’s sentencing as a habitual offender is in question. The record before us does not appear to refute his claim. We affirm King’s convictions, but without prejudice so that he may raise this issue in the lower court via a properly filed rule 3.800 petition. The trial court then can consider the record and whether King was properly subject to habitual offender sentencing.
Affirmed.

. This is not a belated direct appeal from a conviction, as Kang here asserts a garden variety post-conviction sentencing issue that should have first been raised in a 3.800 petition filed below. He thus is not entitled to counsel on post-conviction appeal.

. F07-16570, F07-16589, F07-16751, F07-16568,